■ JOAN C. MILLIAN, Respondent, v JAMES Z. MILLIAN, Appellant. [602 NYS2d 33] —In an action for divorce and ancillary relief, the defendant husband appeals from a resettled order of the Supreme Court, Westchester County (Saladino, J.), dated February 22, 1991, which, *inter alia,* directed the appointment of a receiver and the sale of the marital residence.

Ordered that the resettled order is affirmed, with costs.

There is no merit to the husband's claim that the court erred in failing to comply with various statutory requirements in directing the appointment of a receiver and the sale of the marital residence. Specifically, Domestic Relations Law §§ 233 and 243, upon which the husband relies, deal with the sequestration of a matrimonial defendant's property and accordingly are not relevant to the facts of this case. Nor was it appropriate for the husband to invoke CPLR 5103 (b) and CPLR 6218 as bases for reversal inasmuch as those provisions likewise have no relevance to the facts of this case.

We have reviewed the husband's remaining contentions and conclude that they are without merit. Mangano, P. J., Rosenblatt, Lawrence, Copertino and Joy, JJ., concur.

■ PORT WASHINGTON TENNIS ACADEMY, INC., Appellant, v UNITED STATES TENNIS ASSOCIATION, INC., Respondent. [603 NYS2d 749] —In an action, *inter alia,* for specific performance and a declaratory judgment, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (O'Brien, J.), dated July 1, 1991, as denied that branch of its motion which was to vacate requests no. 4 and 7 through 13 of the defendant's first notice of discovery and inspection.

Ordered that the order is affirmed insofar as appealed from, with costs.

The information sought by requests no. 7 through 13 in the defendant's first notice of discovery and inspection was material and relevant in the defense of the action and thus the proper subject of disclosure (CPLR 3101 [a]).

Moreover, the plaintiff has failed to establish that the material sought in request no. 4 was prepared in anticipation of litigation by or for another party or by or for that party's representative and that it therefore was entitled to the qualified privilege set forth in CPLR 3101 (d) (2). Mangano, P. J., Rosenblatt, Lawrence, Copertino and Joy, JJ., concur.